**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeals of Wheeler, et al.      }
}
}   Docket Nos. 134-8-01 Vtec
}   and 135-8-01 Vtec
}
}

Decision and Order on Appellee-Applicant's Motion to Dismiss as Moot

Appellants Carolyn Wheeler, Robert Mayhew, Douglas N. Drown, Van C. Culver and Marice Pepin appealed from decisions of the Zoning Board of Adjustment (ZBA) and the Planning Commission of the Town of St. Johnsbury granting approval for the location of a telecommunication tower. Appellants represent themselves; Appellee-Applicants ATC Realty, Inc. and Spectrum Resources Towers, LP are represented by Mitchell L. Pearl, Esq.; the Town is represented by Edward R. Zuccaro, Esq.

In the pretrial conferences in this matter, and at trial, the Court explained to Appellants that they could represent themselves if they wished to do so, but that the Court could not give them advice and that they would be held to the same procedural standards as any other litigant. Within those constraints, the Court offered to answer Appellants' questions regarding procedure, both in the pretrial conferences in person and by telephone in October and November 2001, and at the initial day of trial in January 2002.

At the close of Appellee-Applicants' case on the two above-captioned appeals, because Appellee-Applicants had changed their tower design to propose a so-called " brown stick" style of monopole tower with three vertical antenna poles, rather than the six clustered conventional antennas proposed before the ZBA and Planning Commission in the cases on appeal, the Town made an oral motion that the new design should be considered at the municipal level before it could be addressed by this Court. The Court granted the Town's motion on the record, ruling that the new proposal differs sufficiently in design so that it should be ruled on in the first instance by the ZBA, before it is addressed by the Court, because its design relates at least to the conditional use criterion of whether it adversely affects the character of the area. The question of whether the Planning Commission must also consider the new design was not resolved by the Court; the Court ruled in a written order issued on January 30, 2002 that that question depended upon whether the change in design could affect any of the criteria for site plan review, and noted that that question should be addressed in the first instance to the Zoning Administrator.

In its January 30, 2002 written entry order, the Court placed the two above-captioned cases on inactive status while the applications for approval of the new design were presented at the municipal level. The two above-captioned cases were not remanded[1]; rather, the older applications remained in this Court and were put ' on hold' while Appellee-Applicants filed their new applications and had them considered and ruled on by the ZBA and Planning Commission. The Court required Applicants to report to the Court briefly in writing on a monthly basis as to

the status of any new applications before the ZBA and/or the Planning Commission, until a decision has been rendered by the ZBA and/or Planning Commission. The Court stated explicitly that:

Promptly thereafter we will schedule a telephone conference to determine whether any such new decision is being appealed, whether the above-captioned appeals have become moot, whether to consolidate the appeals, and whether and when to proceed with the hearing on any remaining appeals. All the evidence presented in the above-captioned appeals will be considered in any such later hearing.

As is apparent from that entry, the Court expected that either all parties would be satisfied with the new design, or that the losing party in the new applications would appeal the decisions, and at that time the Court would determine whether the old and the new appeals should be consolidated or whether the old appeals had been rendered moot.

The new applications were forwarded to the ZBA and the Planning Commission. The Planning Commission heard the matter on February 20, 2002, at which meeting it voted to approve the new design. It issued its decision in writing on April 24, 2002. The ZBA heard the application on April 3, 2002, at which meeting it voted to approve the new design. It issued its decision in writing on May 7, 2002. No appeals were filed of either of the new approvals within the thirty-day appeal period.

The Court then held a telephone conference with the parties on June 14, 2002, at which Appellee-Applicants reported that no appeals of the new decisions had been filed and asserted their position that the two pending appeals had become moot. We set a schedule for the filing of Appellee-Applicants' written motion to dismiss, and explained the motion response time to Appellants.

Appellee-Applicants have moved to dismiss on the basis that they have abandoned the applications that were the subject of the two above-captioned appeals; that is, that the approval of the new applications renders the old ones moot. Appellants filed their response opposing the dismissal, but have not stated any explanation of why they did not appeal the new approvals, or why the new approvals do not render the old applications moot. Rather, Appellants reiterate the reasons that they are opposed to both the new and the old design, and why the applications should not be approved.

Unfortunately, the Court cannot consider these arguments as to the new design because Appellants did not appeal the decisions of the ZBA and Planning Commission in which the new design was approved, and the 30-day time period for filing those appeals ran out on approximately May 24, 2002 for the Planning Commission written decision, and on approximately June 7, 2002 for the ZBA written decision. 24 V.S.A. § 4472(a). Appellee-Applicant is correct that the two above-captioned appeals are moot because Appellee-Applicants are no longer pursuing the applications which are the subject of those appeals.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss as Moot is GRANTED. However, please see footnote 1, above.

Done at Barre, Vermont, this 16th day of July, 2002.

_____

Merideth Wright
Environmental Judge

## Footnotes

[1.]   We note that the ZBA's decision suggests at least the ZBA's understanding or assumption that the decisions were partially remanded. If Appellants were misled by anything in the ZBA's decision into not filing an appeal of that decision, or of the Planning Commission's decision, then Appellants may have an argument to be allowed to file an appeal of the new decisions out of time, or to have the ZBA consider the remainder of the conditional use standards for the new applications. Such arguments must be raised initially before the ZBA and then before this Court in any attempted appeal of the new decision; they have no effect on whether the old applications have been withdrawn or whether the old appeals are moot.